

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00370-CV

**AUTO SPIN USA, LP**,
Appellant

v.

Hooman **NISSANI**, Individually, Hooman Automotive Group, and Nissani Bros. Nissan,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI23348
Honorable Laura Salinas, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:       Luz Elena D. Chapa, Justice
               Irene Rios, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: April 29, 2020

AFFIRMED

Auto Spin USA, LP appeals a final judgment rendered after a bench trial. Auto Spin argues the trial court erred by not finding all of the appellees jointly and severally liable, and by awarding inadequate damages and inadequate attorney's fees. We affirm the trial court's judgment.

### BACKGROUND

This appeal arises from a breach of contract action. Auto Spin sued appellees Hooman Nissani, individually, Hooman Automotive Group, and Nissani Bros. Nissan. Auto Spin alleged appellees failed to make payments pursuant to an agreement under which Auto Spin had leased an

auto spinner to Hooman Automotive Group. The auto spinner is a multi-ton piece of equipment used for car dealership advertising to elevate a car approximately twenty-five feet into the air and to spin the car. Appellees each filed an answer generally denying Auto Spin's allegations.

The case proceeded to a bench trial. The trial court admitted the equipment lease agreement into evidence. The agreement identifies Auto Spin as the lessor and Hooman Automotive Group as the lessee. The agreement was for an initial term of 60 months starting in June 2017. Hooman Automotive Group agreed to pay Auto Spin $2,900 a month by the 10th day of each month. In the event of Hooman Automotive Group's breach or default, the agreement provided Auto Spin's remedies in Article 5:

### ARTICLE 5 - BREACH OR DEFAULT

If Lessee breaches or defaults on any of the obligations of this Agreement, Lessor may immediately, without notice or demand, take possession of the Equipment. In order to repossess the Equipment, Lessor is entitled to enter any premises where the Equipment is located. If Lessee's breach or default continues for 10 days after written notice has been mailed to Lessee, Lessor may terminate the lease of Equipment. In lieu of taking possession of the Equipment, or of terminating the lease, Lessor may declare immediately due and payable all rent then unpaid for the entire remainder of the term for the Equipment, in which event Lessee must pay such unpaid rent on demand.

The agreement also required Hooman Automotive Group to pay Auto Spin's reasonable attorney's fees in enforcing the agreement. The agreement was signed by the President of Auto Spin's general partner, Donald Engelhardt, and Hooman Nissani, as "Pres," on behalf of the "lessee," which the lease agreement previously defined as Hooman Automotive Group.

Engelhardt was the only fact witness to testify at trial. Auto Spin's counsel testified as an expert regarding attorney's fees. Engelhardt testified he and Hooman Nissani executed the agreement and Auto Spin delivered the auto spinner to Nissani Bros. Nissan. Engelhardt further testified that a few months into the lease, Hooman Automotive Group informed Auto Spin that it no longer wanted to use the auto spinner, and would put the auto spinner on the street if Auto Spin

did not retrieve it. Hooman Auto Group impounded the auto spinner and stopped making payments. Engelhardt further testified Auto Spin retrieved the auto spinner, placed it back into Auto Spin's inventory, and tried to mitigate its damages by advertising the auto spinner for rental.

The trial court signed a final judgment, awarding Auto Spin $11,597.40 in damages and $15,000 in attorney's fees against Hooman Automotive Group. The trial court rendered a take-nothing judgment on Auto Spin's claims against Hooman Nissani, individually, and Nissani Bros. Nissan. Auto Spin filed a motion to reform the judgment, asserting the issues Auto Spin raises on appeal. The motion was overruled by operation of law. Auto Spin filed a timely notice of appeal.

### LEGAL & FACTUAL SUFFICIENCY

Auto Spin's first two issues challenge the legal and factual sufficiency of the evidence to support the judgment. We apply the well-established legal and factual sufficiency standards in reviewing the evidence admitted at trial. *See City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005) (legal sufficiency); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (factual sufficiency).

### A. Joint & Several Liability

Auto Spin argues the trial court erred by not decreeing that all appellees are jointly and severally liable. In a breach of contract case, "joint and several liability arises when two or more persons cosign a contract." *Marynick v. Bockelmann*, 773 S.W.2d 665, 668 (Tex. App.—Dallas 1989), *rev'd on other grounds*, 788 S.W.2d 569 (Tex. 1990). Here, only Hooman Nissani signed the equipment lease agreement. Although Auto Spin asserts Hooman Nissani signed in his individual capacity, Hooman Nissani specified his capacity as "Pres" when signing the agreement for Hooman Automotive Group. The agreement specifically identified Auto Spin and Hooman Automotive Group as the only parties. Because Hooman Automotive Group was the only appellee who was a party to the lease agreement, and Auto Spin did not allege and prove any other theories

that would establish the other appellees' liability for Hooman Automotive Group's breach of contract, the trial court properly rejected Auto Spin's theory of joint and several liability against the other appellees. *See id.*

**B. Adequacy of Damages**

Auto Spin argues the trial court should have awarded it $159,000 in damages. This issue relates to Article 5 of the lease agreement; specifically, the provision that states: "In lieu of taking possession of the Equipment, or of terminating the lease, Lessor may declare immediately due and payable all rent then unpaid for the entire remainder of the term for the Equipment, in which event Lessee must pay such unpaid rent on demand." It is undisputed that this provision does not give Auto Spin the right to "declare immediately due and payable all rent then unpaid for the entire remainder of the term" in the event Auto Spin "tak[es] possession of the equipment."

Auto Spin argues there is no evidence showing it took possession of the auto spinner. However, Engelhardt testified that after Hooman Automotive Group informed Auto Spin that it would no longer use the auto spinner, Auto Spin retrieved the auto spinner. Specifically, Engelhardt testified Auto Spin placed the auto spinner back in Auto Spin's inventory for rental. Because sufficient evidence shows Auto Spin took possession of the auto spinner, we cannot say the amount of damages awarded was inadequate. *See City of Keller*, 168 S.W.3d 802; *Pool*, 715 S.W.2d at 635.

ATTORNEY'S FEES

Auto Spin argues the trial court's award of $15,000 in reasonable attorney's fees was inadequate. "We review a trial court's award of attorney's fees for an abuse of discretion." *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 850 (Tex. 2018). "[G]eneralities about tasks performed provide insufficient information for the fact finder to meaningfully review whether the

tasks and hours were reasonable and necessary under the lodestar method." *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) (per curiam).

Auto Spin's counsel testified he is board certified in civil trial law, has been practicing law for almost 52 years, and bills $300 to $400 an hour for his work and $150 an hour for paralegal work. He stated his total fees were $30,000. He also provided estimates for other work to be performed, such as a motion for new trial and appeal. Auto Spin's counsel generally stated he was "[c]onsidering the 12 factors with regard to these particulars," but did not further explain or address any of those factors specifically. Counsel further stated he had produced to opposing counsel redacted billing statements, but he had not "gone back and added up the hours on those that we've provided." No billing statements were admitted into evidence.

The record shows Auto Spin's counsel filed an original petition, a motion for substituted service, a motion for summary judgment, a response to appellees' motion for continuance, a motion to set a non-jury trial, and a response to appellees' motion for summary judgment. The length of each filing ranges from two to seven pages. The case was tried without a jury, with only one fact witness, and the entire reporter's record consists of approximately fifty-five pages and seven exhibits, each containing only a few pages. On this record, we cannot say the trial court's award of $15,000 in attorney's fees is inadequate or not supported by legally and factually sufficient evidence. *See id.*

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice